**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHRISTINE ALBERS; RICHARD
BARROW; MARYLOU BARROW;
ASHLEY CHILDS; THOMAS DOWNS;
JOE FASOLO; ROSEMARY FASOLO;
ROBIN LEAGER; DONALD MARKS;
FRANCES MURN; THOMAS NORRIS;
DEAN O'DONNELL; FELICIA
O'DONNELL; BRENDA GULRICH;
MATHEW GULRICH; STANLEY
SETTLE; LISA SETTLE; SUSAN
CECALA; TREVOR MAYHEW; MARIA
COHEN; MICHAEL SZPARAGA;
MARVIN SANDLER; DIANE SANDLER;
HELEN MCAULIFFE; NICOLE BARON;
and ALAINE PATTON,

        Plaintiffs,

v.          Case No. 6:16-cv-01713-Orl-37DCI

COMMONWEALTH CAPITAL CORP.;
COMMONWEALTH INCOME AND
GROWTH FUND, INC.;
COMMONWEALTH CAPITAL
SECURITIES CORP.; and KIMBERLY
SPRINGSTEEN-ABBOTT,

        Defendants.

**ORDER**

This cause is before the Court *sua sponte*. Plaintiffs filed their Complaint in this action on September 28, 2016, attempting to assert claims against Defendants for breach of contract, negligence, fraud, and alleged violations of the Securities Exchange Act of 1934. (Doc. 1.) Upon consideration, the Court concludes that the Complaint is due to be dismissed because it constitutes a shotgun pleading.

A shotgun complaint "is [one] containing multiple counts where each count adopts

the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Such a pleading imposes upon courts the onerous burden of sifting out factual allegations which may or may not be material to the underlying claims. *Id.* at 1323. Pointing to "the power and the duty" of district courts "to define the issues at the earliest stages of litigation," the U.S. Court of Appeals for the Eleventh Circuit encourages them to "quickly demand repleader" when faced with a shotgun pleading. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If not remedied in such a manner, a shotgun pleading could very well result in "a massive waste of judicial and private resources" and ultimately erode the administration of justice. *Johnson Enterprises* at 1333.

Here, Counts II through VI of the Complaint incorporate by reference all preceding allegations, thereby folding the allegations of one count into another. (*See* Doc. 1, ¶¶ 68, 73, 76, 80, 83). Furthermore, the Complaint improperly "lumps together" claims against Defendants. This is particularly troubling with respect to claims of fraud which are subject to heightened pleading requirements. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (dismissing complaint which "simply 'lumped together' all of the Defendants in their allegations of fraud").

In sum, the Complaint constitutes an impermissible shotgun pleading which must be dismissed. If Plaintiffs intend to replead, their Amended Complaint must clearly delineate which factual allegations are relevant to each claim and each Defendant.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs shall be permitted leave to file an Amended Complaint consistent with the terms of this Order on or before Friday, **October 28, 2016**. Failure to timely file an amended pleading may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 18, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record